# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

SAMUEL GRICE                                                                                      PLAINTIFF

v.                                           4:22-cv-00721-BRW-JJV

KILOLO KIJAKAZI,
Acting Commissioner,
Social Security Administration,                                                       DEFENDANT

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Billy Roy Wilson. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Samuel Grice, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits and supplemental security income. Both parties have submitted briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend the Complaint be DISMISSED.

Plaintiff is forty-nine years old. (Tr. 36.) He attended some college, (*id.*) and has past relevant work as a server. (Tr. 23.)

The ALJ[1] found Mr. Grice had not engaged in substantial gainful activity since July 15, 2019 - the alleged onset date. (Tr. 16.) He has "severe" impairments in the form of "left shoulder rotator cuff tear and degenerative disc disease, depression, generalized anxiety disorder, and attention-deficit hyperactivity disorder." *Id.* The ALJ further found Mr. Grice did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 16-18.)

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

The ALJ determined Mr. Grice had the residual functional capacity (RFC) to perform a reduced range of light work given his physical and mental impairments. (Tr. 18.) Based on the RFC assessment, the ALJ determined Plaintiff could no longer perform his past relevant work. (Tr. 23.) So, he utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite his impairments. Based in part on the testimony of the vocational expert, (Tr. 60-67), the ALJ determined he could perform the jobs of laundry sorter, power screwdriver operator, and agricultural produce sorter. (Tr. 24.) Accordingly, the ALJ determined Mr. Grice was not disabled. (Tr. 25.)

The Appeals Council received additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-6.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of his Complaint, Mr. Grice argues that the ALJ's RFC assessment was flawed in two ways. Specifically, he says the ALJ failed to consider the limiting effects of obesity and failed to account for the mental limitations noted by the State agency doctors. (Doc. No. 9 at 10-16.)

I have carefully considered Plaintiff's argument regarding his alleged obesity and, though making a fair argument, I find it to be too technical to require reversal. The record reveals that Plaintiff's weight frequently fluctuated and he was sometimes considered to be obese. Importantly, I find nothing in the record that reveals his weight limited his ability to perform work related activities. I acknowledge Plaintiff's argument that his weight *could* be a factor contributing to his back pain. Yet, Plaintiff's argument is general in nature and - while his doctor's recommended that he lose weight - I find nothing to reveal his weight would limit his ability to perform the jobs identified by the vocational expert.

I have also considered the Commissioner's argument on this point and am not persuaded by the authority counsel cites. The Commissioner cites *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011) ("The ALJ adopted the opinions of Dr. Bunting and Dr. Varela who were aware of the claimant's obesity."). (Doc. No. 11 at 8.) In *Partee*, the ALJ noted that the "medical records certainly bear out the fact that [Partee's] *obesity* limits his physical activity and is a contributing factor to his medical condition." *Partee* 638 F.3d at 863. (Emphasis added.) Here, the ALJ did not at all mention Plaintiff's obesity in his opinion. (Tr. 13-25.) So, I find this authority to be unpersuasive.

Nevertheless, what is persuasive is the fact the medical records hardly mention obesity. On three occasions Plaintiff's body mass index slightly passed into the obesity range of 30. (Tr. 342-344, 429-432, 505.) And the record fails to show that Plaintiff was unable to perform light work as a result.

I also find no merit to Plaintiff's argument regarding the mental limitations found by the State agency doctors. Plaintiff argues:

> The ALJ found the functional assessments of the State agency psychological consultants were "persuasive" based upon their consistency with the record (Tr. 23). The ALJ did not, however, account for Grice's need to learn tasks by experience in his RFC finding. Moreover, while the ALJ accounted for Grice's limitation in interacting with the general public by limiting Grice to no interaction with the general public, the ALJ did not fully account for Grice's limitation in interacting with supervisors, as he found Grice being capable of "direct" and "concrete" interaction with supervisors, rather than "superficial" contact as found by the State agency medical consultants.

(Doc. No. 9 at 15-16.)

The ALJ's RFC fairly addressed the limitations found by the State agency doctors. In finding that Plaintiff is limiting to ". . . simple, routine, and repetitive tasks with supervision that is simple, direct, and concrete for reasoning levels not to exceed level two, and no required

4

interaction with the general public," the ALJ fairly accounted for the findings of Margaret Podkova, Psy.D and Elizabeth Bucolo, Psy. D.  (Tr. 79-83, 109.)

Plaintiff further argues that the ALJ failed to properly address the findings of his treating physician, Jerry Hoover, M.D.  (Doc. No. 9 at 17-20.)  He says, "The ALJ failed to discuss both the supportability and consistency of Dr. Hoover's medical opinion on [Plaintiff's] mental work-related limitations."  (*Id.* at 1.)

Claims filed after March 27, 2017, like Mr. Grice's, are analyzed under 20 C.F.R. § 404.1520c.  *Pemberton v. Saul*, 953 F.3d 514, 517 n.2 (8th Cir. 2020).  Under the current regulatory scheme, the Commissioner "will not defer or give any specific weight, including controlling weight, to any medical opinion(s)," including those from the claimant's treating physicians.  20 C.F.R. § 404.1520c(a).  The regulation instructs the ALJ to determine the persuasiveness of each medical source or prior administrative medical findings based on the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) any other factor that tends to support or contradict a medical opinion.  20 C.F.R. § 404.1520c(a), (c).  The ALJ is required to "explain" his decision as to the two most important factors—supportability and consistency.  20 C.F.R. § 404.1520c(b)(2).  "The more relevant the objective medical evidence and supporting explanations presented" and the "more consistent a medical opinion(s) or prior administrative medical finding(s) is with evidence from other medical and non-medical sources, the more persuasive the opinion(s) or prior administrative medical finding(s) will be."  20 C.F.R. § 404.1520c(c)(1)-(2).

After a close review of the record, I find that ALJ properly evaluated the opinion of Dr. Hoover.  While not necessarily using these exact words, in discussing Dr. Hoover's opinions, the ALJ addressed both supportability and consistency factors.  (Tr. 21-22.)  He thoroughly analyzed

Dr. Hoover's opinions and his assessment is supported by the record.  So, I find - in accordance with 20 C.F.R. § 404.1520c - the ALJ fully considered all the medical opinions and evaluated and explained their persuasiveness under the pertinent factors.

I have also reviewed Dr. Hoover's opinions on Plaintiff's ability to do work-related activities – both mental and physical.  (Tr. 392-397.)   His opinions here are simply not supported by his own treatment notes, including his examinations of Plaintiff. (Tr. 342-360, 400-433.)

The objective medical records simply fail to support a claim of *complete disability*. Plaintiff's own testimony fails to support a claim he would be unable to perform the jobs identified by the vocational expert.   When asked by the ALJ if he resigned or was terminated from his last job, Plaintiff testified:

> I resigned . . . I was having too many issues at work having to call in or - - you know, just being too afraid to get in my car and go to work, make the drive to work, just all kinds of situations like that wouldn't allow me to, you know, even basically perform my duties.  You know, like, breaking down in front of customers, you know, and starting to cry and stuff.   They don't like that.

(Tr. 38.)

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A).  A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

Plaintiff's counsel has done an admirable job advocating for Mr. Grice's rights in this case. It is not the task of a court to review the evidence and make an independent decision.   Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his

findings.   The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.   *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.   There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.   *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).   The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 1st of March 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE